OPINION of the Court, by
Judge Losan
Dooley having exhibited a sum of money for the purpose of alluring persons to bet at a certain game called the Row-let, the money exhibited was seized by a magistrate in virtue of his office, who made report thereof to the county court as required by law ; whereupon the court made an order applying one half of said money in aid of the county levy, and the other half, under the direction of the magistrate, to the trustees of the town of Frankfort, for the benefit of said town.
Dooley contested in court the right of seizure, and moved that his money should be returned to him ; but the court refused to return it, and directed the foregoing order ; from which Dooley has appealed to this court.
A question was taken to the jurisdiction of this court, and the court postponed an opinion on that point. We are now satisfied from an examination of the act au-thorising the procedure, that this court has not jurisdiction of the case.
The act declares that all monies or property “ exhibited for the purpose of alluring persons' to het at any game, &c. shall be liable to seizure by any magistrate, &c. and all such monies so seized, shall be accounted for, and paid by the person or persons making the seizure, to the court of the county, &c. wherein the seizure shall be made, and applied by the court in aid of the county levy, deducting thereout one half to be paid to the person or persons making the seizure.”
This act is similar in its provision to other acts directing magistrates to report certain fines to the county court, for the purpose of Informing the court of the state of funds to be applied in aid of the county levy, and to enable the court to apply the same. But the court in performing this duty, have no right or property of an individual to adjudicate upon, more than the sheriff would have if the direction of the act had related to him. In fine, the law requires no sort of judgment or order of the court to be made, only the mere application of the money to the uses specified. If any judicial «ontroversy could arise within the scope of the «ct, ii *14 seems to be between those entitled to the money unde*1-the directions of the act.
_ With regard to the objection taken to the constitutionality of the procedure, it seems sufficient to observe, that if the seizure were unauthorised or the measure unconstitutional, the party aggrieved is not without redress in the fardinary m ;de for injuries done to person# in general.- — Appeal dismissed.